JOSEPH DUDLEY & another *vs.* MOSES ADAMS.

Under Rev. Sts. *c.* 103, § 49, a petitioner for partition is not entitled to recover of the respondent the costs of the trial of an issue to the jury to determine whether the commissioners appointed to make partition have in their report set off to the petitioner land of which the respondent was seised in severalty, although the verdict was in favor of the petitioner.

PETITION for partition, originally entered in the superior court, where the respondent appeared and filed an affidavit of defence, but no answer. Commissioners were accordingly appointed to make partition, and upon the coming in of their report the respondent filed objections thereto, and on an appeal from the decision of the judge as to the acceptance of the report the case was transferred to this court, where the respondent objected to the acceptance of the report on the ground that the commissioners had set off to the petitioners land of which he was seised in severalty ; and an issue was framed and the question submitted to the jury, who found in favor of the petitioners. The report was thereupon accepted and confirmed. The petitioners then moved for judgment for the costs of the trial, and *Merrick*, J. reserved this question for the determination of the whole court.

*F. H. Dewey*, for the petitioners.

*G. F. Hoar*, for the respondent.

BIGELOW, C. J. This suit having been commenced before the enactment of the General Statutes, the rule concerning costs in such cases prescribed by the Revised Statutes is to govern in the present proceedings. *Sawyer* v. *Bancroft*, 21 Pick. 210. *Brigham* v. *Dole*, 2 Allen, 49. Gen. Sts. *c.* 181, § 4.

By Rev. Sts. *c.* 103, § 49, it is provided that the whole costs of a petition for partition shall be paid by the petitioner, " except only the costs of a trial of any issue joined in the case, as to which a different provision is before made." On recurring to this previous provision, as contained in § 17 of the same chapter, it will be found that the petitioner is entitled to recover costs

only in the single case where on the trial of any issue of law or of fact "it shall appear that the petitioner is entitled to have partition as prayed for." He is thus entitled to recover costs against the party who objected to the partition for which he asked. All other cases come within the general rule by which the petitioner is to pay the costs.

The case at bar falls within this rule. The issue which was made up and submitted to the jury by direction of the court was a special one, growing out of the peculiar phraseology used in the report of the commissioners concerning a boundary of the estate set off to the petitioners. But it did not involve any question relating to the right of the petitioners to have partition. No such issue was raised. The right of the petitioners to have partition according to their prayer does not seem to have been in contention. They are therefore bound to pay the costs of the proceeding, according to the provisions contained in § 49, above cited.

The general rule regulating costs in cases of petitions for partition is reënacted in Gen. Sts. *c.* 136, § 44. The phraseology of the provision is somewhat changed from that contained in Rev. Sts. *c.* 103, § 49. But we are strongly inclined to think that the rule itself is not altered. The issues referred to in the exception to the rule, as enacted in the section above cited, are those for which special provision is made in §§ 16–19 of the same chapter, and do not embrace an issue like that which was submitted to the jury in the present case.

*Petitioners' costs disallowed.*